

FILED

DEC 1 2 2014

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE:  MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION                                            MDL No. 2493

## TRANSFER ORDER

**Before the Panel:**[*]  Plaintiff moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action listed on the attached Schedule A (*Bank*) to MDL No. 2493. Defendants Monitronics International, Inc. (Monitronics), Alliance Security, Inc. (Alliance), and UTC Fire and Security Americas Corporation, Inc. (UTC) oppose the motion and support transfer.

Plaintiff, who is proceeding *pro se*, does not dispute that his action shares many factual and legal issues with the actions in MDL No. 2493.  Rather, he opposes transfer solely on the ground that the presence of lead and liaison counsel in the MDL violates his rights to self-representation and freedom of expression.  Plaintiff's argument is based on an erroneous factual premise because, as defendants correctly note, nothing in the transferee court's order appointing lead and liaison counsel prohibits any plaintiffs from representing themselves or retaining their own counsel.  Additionally, plaintiff's objections to lead and liaison counsel do not warrant vacating the conditional transfer order because, in essence, they concern the manner in which pretrial proceedings are being conducted and, thus, are properly directed to the transferee judge.  *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, Transfer Order at 2 (J.P.M.L. Aug. 9, 2013) (transferring 42 actions, noting that plaintiffs' arguments that the MDL Plaintiffs' Steering Committee had conflicts and "transfer would strip them of their counsel" are "properly directed to [the transferee judge] and not to us").

After considering the argument of counsel, we conclude that this action shares questions of fact with the actions previously transferred to MDL No. 2493 and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  *Bank* presents the same factual and legal issues as the actions pending in MDL No. 2493 – "Monitronics' policies and procedures for calling consumers, directly or through agents, for the purpose of selling home security products or services, as well as its procedures for obtaining and recording a consumer's consent to receive such calls." *See In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 988 F. Supp. 2d 1364, 1366 (J.P.M.L. 2013).  The *Bank* action also proposes the same nationwide class of plaintiffs as actions in the MDL.  Thus, the actions will involve the same discovery and pretrial proceedings, including on class certification and

---

[*]  Judge Charles R. Breyer took no part in the decision of this matter.

I hereby certify that the annexed instrument
is a true and correct copy of the document filed
in my office.
ATTEST: Cheryl Dean Riley
Clerk, U.S. District Court
Northern District of West Virginia

By: _____
                Deputy Clerk

-2-

other matters.

   IT IS THEREFORE ORDERED that this action is transferred to the Northern District of West Virginia and, with the consent of that court, assigned to the Honorable Irene M. Keeley for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.


            PANEL ON MULTIDISTRICT LITIGATION



              Sarah S. Vance
                 Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvell | R. David Proctor |
| Catherine D. Perry | |

**IN RE:  MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)**          MDL No. 2493
**LITIGATION**

**SCHEDULE A**

Eastern District of New York

BANK v. ALLIANCE SECURITY, INC., ET AL., C.A. No. 1:14-04410